JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**     18-cv-1369

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHAEL FRIEDBERG

**DEFENDANTS**
MASERATI NORTH AMERICA, INC.

**(b)** County of Residence of First Listed Plaintiff  **MONTGOMERY, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **OAKLAND, MI**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Gorberg, Esq.
103 Sibley Ave.
Ardmore, PA 19003 (215-665-7660)

Attorneys *(If Known)*
Mark W. Skanes, Esq. (ROSEWALDORF PLLC)
501 New Karner Rd.
Albany, NY 12205 (518-869-9200)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 2  U.S. Government Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C § 2301/28 U.S.C. § 1331, 28 U.S.C. § 1332
Brief description of cause:
Breach of Warranty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/26/2018

SIGNATURE OF ATTORNEY OF RECORD

**MAR 27 2018**

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1650 Oakwood Drive, Unit E315, Penn Valley, PA 19072

Address of Defendant: 1 Chrysler Dr. Auburn Hills, MI 48326

Place of Accident, Incident or Transaction: Palmyra, NJ

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 USC 2301

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) Lemon Law and breach of warranty

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Mark W. Skanes, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 03/29/2018   _____   318075 (PA)
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/29/2018   _____   318075 (PA)
                        Attorney-at-Law              Attorney I.D.#

MAR 27 2018

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1650 Oakwood Drive, Unit E315, Penn Valley, PA 19072

Address of Defendant: 1 Chrysler Dr. Auburn Hills, MI 48326

Place of Accident, Incident or Transaction: Palmyra, NJ

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 15 USC 2301

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify) Lemon Law and breach of warranty

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Mark W. Skanes, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 03/29/2018 _____   318075 (PA)
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAR 27 2018

DATE: 03/29/2018 _____   318075 (PA)
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MICHAEL FRIEDBERG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MASERATI NORTH AMERICA, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 03/29/2018 | | DEFENDANT |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 518-869-9200 | 518-869-3334 | mwskanes@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 27 2018

501 New Karner Rd. / Albany, NY 12205
518-869-9200 / FAX: 518-869-3334



*Rose Waldorf PLLC*
A New York Professional
Limited Liability Company

Keith B. Rose
Attorney At Law
NY, NJ, PA, MA, CT, GA, WV

Jon B. Waldorf
Attorney At Law
NY, NJ, PA, MA, CT, GA, MD, AL, NC,
SC, KY, RI

Michael J. Gregg
Attorney At Law
NY, NJ, PA, MA, CT, WV, AL, SC, TN

Mark W. Skanes
Attorney At Law
NY, NJ, PA, MA, CT, GA, WV
NC, VA, NH

Cassandra M. Gipe
Attorney At Law
NY, MA, WV

Lindsey R. Dodd
Attorney At Law
NY, NJ, PA, NH

March 26, 2018

**VIA OVERNIGHT DELIVERY**

United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA  19106-1797

      Re:    <u>Michael Friedberg v. Maserati North America, Inc.</u>

Dear Sir/Madam:

      Enclosed for filing on behalf of Defendant Maserati North America, Inc. please find Notice of Removal, completed and executed Validation of Signature Form, completed and executed Civil Cover Sheet and computer disk containing all documents enclosed in a PDF format with respect to the above-captioned action.  Also, this firm's check in the sum of $400.00 to cover the applicable filing fee.

      Please date-stamp the enclosed copy of the Notice of Removal as proof of filing and return in the self-addressed, stamped envelope enclosed.

      Your courtesies and cooperation in this matter are greatly appreciated.  Should you have any questions, please contact me.

               Very truly yours,

               Mark W. Skanes

MWS:phb
Enclosures
cc.: David J. Gorberg, Esq. *(w/enclosure)*

J:\Data\Maserati North America, Inc\Clerk-Filing Notice of Removal, Civil Cover Sheet, Valid of Sign Form and check.docx

$400

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL FRIEDBERG,                    )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )        Case No.
                                      )
MASERATI NORTH AMERICA, INC.,         )        NOTICE OF REMOVAL
                                      )
          Defendants.                 )        MAR 27 2018
                                               KATE
                                               By_____
                                                               Clerk

Defendant Maserati North America, Inc. ("MNA") hereby removes to this Court, pursuant to

28 U.S.C. §§ 1441 and 1446, an action pending in the Court of Common Pleas, Bucks County,

Pennsylvania, No.: 2018-00656 ("state action"). Removal is proper for the following reasons:

1.      On or about March 6, 2018, Plaintiff Michael Friedberg ("Plaintiff") filed the state

action as against MNA, asserting claims for violation of the Pennsylvania Automobile Lemon Law

(73 P.S. § 1952 *et seq.*), breach of express warranty under the federal Magnuson-Moss Warranty

Improvement Act, 15 U.S.C § 2301 *et seq.* ("MMWA"), breach of express and implied warranties

pursuant to the Uniform Commercial Code ("UCC") and violation of the Pennsylvania Unfair Trade

Practices and Consumer Protection Law ("UTPCPL") (*see* Summons and Complaint, attached hereto

as Exhibit "A").

2.      On or about March 8, 2018, MNA received by mail a copy of the Summons and

Complaint.

3.      Therefore, this Notice of Removal is timely, as it is filed within thirty (30) days of

receipt of the Complaint by Defendant MNA. *See* 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL

**I.     THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1331**

4.     Pursuant to 28 U.S.C. § 1441 (a), a defendant may remove to federal district court, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

5.     Furthermore, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

6.     Accordingly, this Court has original jurisdiction over this civil action as it involves a claim arising under the federal Magnuson-Moss Warranty Improvement Act, 15 U.S.C § 2301 *et seq*. ("MMWA"). *See* 28 U.S.C. § 1331.

7.     The MMWA states in relevant part that a plaintiff may bring such a claim in federal court only if the amount in controversy exceeds $50,000. *See* 15 U.S.C. § 2310(d)(3)(B).

8.     In the Complaint, Plaintiff alleges that the subject of the present action is a certain 2017 Maserati Grand Torizno Sport [sic], VIN:  ZAM45VLA5H0214459 ("vehicle") (Complaint, Exhibit "A" hereto, ¶ 4).

9.     Plaintiff alleges that the vehicle was "purchased" and registered in the Commonwealth of Pennsylvania and that the purchase price, excluding other collateral charges, totaled $58,014.36 (*id*. ¶¶ 4-5).

10.     Upon information and belief, Plaintiff did not purchase the subject vehicle but instead, entered into an agreement to lease the subject vehicle with a non-party dealer in New Jersey

(*see* Lease Disclosure/Waiver attached to the Complaint, included in Exhibit "A" hereto; *see also* Lease Agreement and Buyer's Order, attached collectively as Exhibit "B" hereto).

11.     Pursuant to the lease agreement, the gross capitalized cost of the subject vehicle was $123,240.00 and the lease payments totaled $58,014.36 (*see* Lease Disclosure/Waiver, attached to Complaint, Exhibit "A" hereto).   In addition, Plaintiff paid an initial cash down payment of $2,499.00 (*id.*).

12.     In connection with the alleged violation of the MMWA, Plaintiff seeks to recover "an amount equal to three (3) times the purchase price of the subject vehicle, plus all available collateral charges and attorney fees" (*see* Complaint, Exhibit "A" at Count II).   Plaintiff alleges that he seeks an amount under this claim "not in excess of $50,000" (*id.*).

13.     Despite the allegation that the claimed damages are not in excess of $50,000,[1] by Plaintiff's own calculation of damages, the "amount in controversy" under the MMWA claim is three times the $123,240 gross capitalized cost of the vehicle listed in the lease documents.

14.     Even assuming Plaintiff's theory of damages was limited to the total payments due under the lease of $60,513.36 ($58,014.36 in monthly payments, plus the initial cash down payment of $2,499), the amount in controversy exceeds $50,000.00.

15.     Therefore, as the amount in controversy herein exceeds $50,000.00 for the claim brought under the federal MMWA, this Court has original jurisdiction. *See* 28 U.S.C. § 1331.

---

[1] As this Court is aware, when determining the amount in controversy, "[e]ven if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." *See Morgan v. Gay,* 471 F.3d 469 (3d Cir.2006); *see also Wilson v. Walker,* 790 F.Supp.2d 406 (E.D.Pa.2011).   Accordingly, notwithstanding Plaintiff's claim that the amount sought is not in excess of $50,000, such allegations are inconsistent with Plaintiff's actual demands for recovery in the amount of three times the price of the vehicle.

16.     Furthermore, Plaintiff's state law claims in this action arise from the same case or controversy as his MMWA claim and thus, this Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367.

## II.    THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332

17.     In addition to jurisdiction over this matter pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction based upon the complete diversity of citizenship of the parties.

18.     Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – citizens of different states." A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign where it has its principal place of business." 28 U.S.C. § 1332(c).

19.     In the instant case, Plaintiff has alleged to be resident of the Commonwealth of Pennsylvania (Complaint ¶ 1, Exhibit "A"). Defendant MNA is incorporated under the laws of Delaware with its principal place of business located in Auburn Hills, Michigan. Therefore, as no defendant is deemed a citizen of the state in which Plaintiff is a citizen, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332.

20.     In addition, the amount in controversy in this action exceeds $75,000.

21.     In the Complaint, Plaintiff seeks to recover three times the purchase price of the subject vehicle, plus "all collateral charges and attorney fees" in connection with each of his four claims (*see* Complaint, Exhibit "A" hereto).

22.     As set forth above, while Plaintiff did not purchase the subject vehicle, the gross capitalized cost of the subject vehicle under the lease was $123,240 (*see* Lease Disclosure/Waiver,

- 4 -

attached to Complaint, Exhibit "A" hereto).  Therefore, three times this amount, plus reasonable attorneys' fees is well in excess of the $75,000 jurisdictional requirement.

23.      Furthermore, even assuming Plaintiff's theory of actual damages was limited to the total due under the lease of $60,513.36 ($58,014.36 in monthly payments, plus the initial cash down payment of $2,499), three times this amount, plus reasonable attorneys' fees as sought by Plaintiff under the UTPCPL claim is well in excess of the $75,000 jurisdictional amount in controversy threshold.

24.      Therefore, notwithstanding Plaintiff's claim that the amount sought for each claim does not exceed $50,000,[2] this court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as well.

## III.   ALL PROCEDURAL REQUIREMENT HAVE BEEN MET FOR REMOVAL TO THIS COURT

25.      Simultaneously with the filing of this Notice of Removal, Defendant MNA is providing written notice to all parties of record and is filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas, Bucks County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

26.      Pursuant to 28 U.S.C. § 1446(a) no other state court process, pleadings, orders or papers have been served upon Defendant MNA other than the Summons and Complaint attached hereto as Exhibit "A".

27.      This Court embraces the county and court in which the State Action was initially filed.  *See* 28 U.S.C. 118(a).  Therefore, this action is properly removed to this Court.

---

[2] *See* FN 1.

WHEREFORE, Defendant Maserati North America, Inc. respectfully requests that this matter, currently pending in the Court of Common Pleas, Bucks County, Pennsylvania, be removed to this Court.

Dated: Albany, New York              ROSEWALDORF PLLC
       March 26, 2018

                         By:  _____
                              Mark W. Skanes, Esq.
                            Attorneys for Defendant
                            Maserati North America, Inc.
                            601 New Karner Rd.
                            Albany, New York 12205
                            Phone: (518) 869-9200
                            Fax: (518) 869-3334
                            mskanes@rosewaldorf.com

- 6 -

## CERTIFICATE OF SERVICE

I, Mark W. Skanes, Esquire, do hereby certify that I am the attorney for Defendant in the within action, that I am duly authorized to make this certification, and that on this 26th day of March, 2018, I did cause a true and correct copy of Defendant's Notice of Removal, Civil Cover Sheet, Validation of Signature Form and Notice of Filing of Removal to be forwarded via U.S. Mail to the parties below as follows:

David J. Gorberg, Esq.
Gorberg & Associates, PC
103 Sibley Ave.
Ardmore, PA 19003

FILED

MAR 27 2018

E. _____ AN, Clerk
_____ Dep. Clerk

Dated: Albany, New York
      March 26, 2018

ROSEWALDORF PLLC

By:     _____

          Mark W. Skanes, Esq.
          Attorneys for Defendant
          Maserati North America, Inc.
          501 New Karner Rd.
          Albany, New York 12205
          Phone: (518) 869-9200
          Fax: (518) 869-3334
          mskanes@rosewaldorf.com

J:\Data\Maserati North America, Inc\Friedburg Notice of Removal.doc

EXHIBIT A

**DAVID J. GORBERG & ASSOCIATES, P.C.**

103 SIBLEY AVENUE
ARDMORE, PA 19003

DAVID J. GORBERG¹
LAURA L. WOLFE²
COURTNEY L. SOFIA*
EMMA C. ROBISON*

*MEMBER OF PA AND NJ BARS
†MEMBER OF PA, NJ AND NY BARS
‡MEMBER OF PA AND MA BARS

1-800-MY-LEMON
1-800-695-3666

215-665-7860
FAX 215-563-8738

www.MyLemon.com

NEW JERSEY OFFICE
1813 BERLIN ROAD
CHERRY HILL, NJ 08003

PITTSBURGH OFFICE
1900 ALLEGHENY BLDG.
429 FORBES AVENUE
PITTSBURGH, PA 15219

NEW YORK OFFICE
777 WESTCHESTER AVE, SUITE 101
WHITE PLAINS, NY 10604

March 6, 2018

Maserati North America, Inc.
c/o CT Corporation
600 N. 2ⁿᵈ Street
Suite 401
Harrisburg, PA 17101

     **RE:**   **Friedberg vs Maserati North America, Inc.**
              **DOCKET # 2018-00656**

Dear Sir/Madam:

Pursuant to the current Rules of Civil Procedure, we enclose herein the copy of the Civil Action
Complaint, the original of which has been filed by our office in connection with the above
referenced matter.

You are hereby notified that you have been sued in Court and that you must take action within
twenty (20) days from your receipt of this letter or a default judgment may be entered against you.

Very truly yours,

DAVID J. GORBERG

DJG/mk
Enclosure

Case# 2018-00656-1 - JUDGE:29 Received at County of Bucks Prothonotary on 03/05/2018 10:27 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

MICHAEL FRIEDBERG

vs.

MASERATI NORTH AMERICA INC

NO. 2018-00656

## PRAECIPE TO REINSTATE / REISSUE

TO THE PROTHONOTARY:

(     )     **REISSUE WRIT**

( **X** )     **REINSTATE COMPLAINT**

ORIGINAL SIGNATURE RETAINED
BY THE FILING PARTY
_____
Signature/ID Number

DAVID J. GORBERG, Esq.
_____
Print Name

32 PARKING PLAZA, SUITE 700
_____
Address

ARDMORE, PA 19003
_____

215-665-7660
_____
Phone

Case# 2018-00656-0 - JUDGE:29 Received at County of Bucks Prothonotary on 03/08/2018 10:23 AM, Fee = $80.00 File filename Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



## COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

MICHAEL FRIEDBERG

vs.

MASERATI NORTH AMERICA INC

NO.  2018-00656

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  DAVID J. GORBERG, Esq., ID: 53084

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**      ☐ Yes     ☒ No

**MDJ Appeal**      ☐ Yes     ☒ No          **Money Damages Requested** ☒

**Commencement of Action:**          **Amount in Controversy:**

Complaint          $50,000 or less

## Case Type and Code

Contract: _____

Buyer Plaintiff _____

Other: _____

**REINSTATED**
Ashley Koch 3/6/2018

## Supreme Court of Pennsylvania
### Court of Common Pleas
### Civil Cover Sheet

**BUCKS** _____ **County**

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| **MICHAEL FRIEDBERG** | **MASERATI NORTH AMERICA INC** |

| Are money damages requested? ☒ Yes  ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☐ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit?* ☐ Yes  ☐ No | Is this an *MDJ Appeal?* ☐ Yes  ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney:   **DAVID  J.  GORBERG**

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:**   Place an "X" to the left of the ONE case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLTY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☒ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

Case# 2018-00656-1 - JUDGE:29 Received at County of Bucks Prothonotary on 03/08/2018 10:27 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently then non-confidential information and documents.

Case# 2018-00656-0 - JUDGE:29 Received at County of Bucks Prothonotary on 01/31/2018 12:34 PM, Fee = $265.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently then non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY
### CIVIL DIVISION

**MICHAEL FRIEDBERG**

| | | |
|---|---|---|
| **Plaintiff** | : | No._____ |
| vs. | : | |
| | : | |
| | : | **Form of Action** |
| **MASERATI NORTH AMERICA INC** | : | |
| | : | **Complaint** |
| **Defendant** | | |

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**Bucks County Bar Association**
**135 East State Street**
**Doylestown, PA 18901**
**Phone (215) 348-9413, 1-800-479-8585**
**www.bucksbar.org**

**PA Bar Association: www.pabar.org**

DAVID  J.  GORBERG

Attorney for_**PLAINTIFF**_____

Attorney I.D. #___53084_____
Please type or print name and address

DAVID  J.  GORBERG

103  SIBLEY  AVE  ARDMORE  PA  19003

DAVID J. GORBERG & ASSOCIATES, P.C.
By: DAVID J. GORBERG                          Attorney for Plaintiff
Identification No.: 53084
103 Sibley Avenue
Ardmore, PA 19003
215-665-7660


Michael Friedberg
1650 Oakwood Drive, Unit E315
Penn Valley, PA 19072

                                              COURT OF COMMON PLEAS

    vs.

                                              Bucks


Maserati North America, Inc.
1 Chrysler Drive,
Auburn Hills, MI 48326

## COMPLAINT

    1.    Plaintiff, Michael Friedberg, is an adult individual citizen and a legal resident

of the Commonwealth of Pennsylvania, residing 1650 Oakwood Drive, Unit E315,

Penn Valley, PA 19072

    2.    Defendant, Maserati North America, Inc. is a business corporation qualified to do

business and regularly conducts business in the Commonwealth of Pennsylvania with its

principle place of business located at 1 Chrysler Drive,  Auburn Hills, MI 48326.

## BACKGROUND

3.      Plaintiff incorporates by reference paragraphs 1 and 2 as fully as if set forth here

length.

4.      On or about April 2017, Plaintiff purchased a new 2017 Maserati Grand Torizno

Sport (hereinafter referred to as the "vehicle"), manufactured and warranted by Defendant

bearing the Vehicle Identification Number ZAM45VLA5H0214459.  The vehicle was purchased

and registered in the Commonwealth of Pennsylvania.

5.      The price of the vehicle, including registration charges, document fees, sales tax,

but, excluding other collateral charges not specified, totaled $58,014.36.

6.      Plaintiff avers that as a result of the ineffective repair attempts made by

Defendant through its authorized dealer, the vehicle cannot be utilized for the purposes intended

by Plaintiff at the time of acquisition and as such, the vehicle is worthless.

7.      In consideration of the purchase of the above vehicle, Defendant, issued to

Plaintiff several warranties, fully outlined in the warranty booklet.

8.      On or about April 2017, Plaintiff took possession of the above mentioned vehicle

and experienced nonconformities, which substantially impaired the use, value and/or safety of

the vehicle.

9.      Said nonconformities consisted of but was not limited to defective engine

resulting in oil leak, defective rear differential and various other defects.  Copies of repair

receipts are attached hereto and marked as Exhibit "A".

10.     The nonconformities violate the express written warranties issued to Plaintiff by

Defendant.

11.     Plaintiff avers the vehicle has been subject to repair more than two (2) times for the same nonconformity, and the nonconformity remains uncorrected.

12.     Plaintiff has delivered the nonconforming vehicle to an authorized service and repair facility of the defendant on numerous occasions. After a reasonable number of attempts, Defendant was unable to repair the nonconformities.

13.     In addition, the above vehicle has or will in the future be out of service by reason of the non-conformities complained of for a cumulative total of thirty (30) days or more.

14.     The vehicle continues to exhibit defects and nonconformities which substantially impair it's use, value and/or safety.

15.     Plaintiff avers the vehicle has been subject to additional repair attempts for defects and/or nonconformities and/or conditions for which the Defendant and or it's authorized service center, may not have maintained records.

16.     Plaintiff has been and will continue to be financially damaged due to Defendant's failure to comply with the provisions of its' warranty.

17.     Plaintiff seeks relief for losses due to the nonconformities and defects in the above mentioned vehicle in addition to attorney fees and all court costs.

## COUNT I
## PENNSYLVANIA AUTOMOBILE LEMON LAW CLAIM

18.     Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

19.     Plaintiff is a "Purchaser" as defined by 73 P.S. §1952.

20.     Defendant is a "Manufacturer" as defined by 73 P.S. §1952.

21.     Plaintiff's vehicle is a "New Motor Vehicle" as defined by 73 P.S. §1952.

22.     Said vehicle experienced non conformities within the first year of purchase, which substantially impairs the use, value and safety of said vehicle.

23.     Defendant failed to correct and or repair said nonconformities.

24.     The vehicle continues to exhibit defects and nonconformities which substantially impair it's use, value and/or safety.

25.     Defendant does not require participation in any informal dispute settlement program prior to filing suit.

26.     As a direct and proximate result of Defendant's failure to repair the nonconformities , Plaintiff has suffered damages and, in accordance with 73 P.S. §1958, Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

27.     Plaintiff avers that upon successfully prevailing upon the Lemon Law claim herein, all attorney fees are recoverable and are demanded against the Defendant.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against the Defendant in an amount equal to three (3) times the purchase price of the subject vehicle, plus all available collateral changes and attorney fees. Amount not in excess of $50,000.00.

## COUNT II
## MAGNUSON-MOSS FEDERAL TRADE COMMISSION IMPROVEMENT ACT

28.     Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

29.     Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301(3).

30.     Defendant is a "Warrantor" as defined by 15 U.S.C. §2301(5).

31.     Plaintiff uses the subject product for personal, family and household purposes.

32.     By the terms of the express written warranties referred to in this Complaint,

Defendant agreed to perform effective warranty repairs at no charge for parts and/or labor.

33.   Defendant failed to make effective repairs.

34.   As a direct and proximate result of Defendant's failure to comply with the express

written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)

(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

35.   Section 15 U.S.C. §2310 (d) (1) provides:
If a consumer finally prevails on an action brought under paragraph (1) of this
subsection, he may be allowed by the Court to recover as part of the judgment a
sum equal to the amount of aggregate amount of costs and expenses (including
attorney fees based upon actual time expended), determined by the Court to have
been reasonably incurred by the Plaintiff for, or in connection with the
commencement and prosecution of such action, unless the Court, in its discretion
shall determine that such an award of attorney's fees would be inappropriate.

36.   Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim

herein, all attorney fees are recoverable and are demanded against the Defendant.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against the

Defendant in an amount equal to three (3) times the purchase price of the subject vehicle, plus all

available collateral changes and attorney fees. Amount not in excess of $50,000.00.

## COUNT III
## UNIFORM COMMERCIAL CODE

37.   Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as

if fully set forth at length herein.

38.   The defects and nonconformities existing within the vehicle constitute a breach of

contractual and statutory obligations of the Defendant, including but not limited to the following;

a.   Breach of Express Warranty

b.   Breach of Implied Warranty of Merchantability;

c.   Breach of Implied Warranty of Fitness For a Particular Purpose;

d.   Breach of Duty of Good Faith.

39.   The purpose for which Plaintiff purchased the vehicle include but are not limited to his personal, family and household use.

40.   At the time of this purchase and at all times subsequent thereto, Plaintiff has justifiably relied upon Defendant's express warranties and implied warranties of fitness for a particular purpose and implied warranty of merchantability.

41.   At the time of the purchase and at all times subsequent thereto, Defendant was aware Plaintiff was relying upon Defendant's express and implied warranties, obligations, and representations with regard to the subject vehicle.

42.   Plaintiff has incurred damages as a direct and proximate result of the breach and failure of Defendant to honor its express and implied warranties.

43.   Such damages include, but are not limited to, the purchase price of the vehicle plus all collateral charges, including attorney fees and costs, as well as other expenses, the full extent of which are not yet known.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against the Defendant in an amount equal to three (3) times the purchase price of the subject vehicle, plus all available collateral changes and attorney fees. Amount not in excess of $50,000.00.

## COUNT IV
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION CLAIM

44.   Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if set forth at length herein.

45.   The Unfair Trade Practices and Consumer Protection Law defines unfair methods of competition to include the following:

(xiv).  Failing to comply with the terms of any written guarantee or warranty

given to the buyer at, prior to, or after a contract for the purchase of goods or

services is made.

46.    Plaintiff, as a Pennsylvania resident, believes, and therefore, avers. Defendant's

failure to comply with the terms of the written warranty constitutes an unfair method of

competition.

47.    Section 201-9.2(a) of the Unfair Trade Practices and Consumer Protection Law,

authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained

for violations of the Act.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against the
Defendant in an amount equal to three (3) times the purchase price of the subject vehicle, plus all
available collateral changes and attorney fees. Amount not in excess of $50,000.00.


DAVID J. GORBERG & ASSOCIATES, P.C.


BY: _____

DAVID J. GORBERG, ESQUIRE
Attorney for Plaintiff

# VERIFICATION

The undersigned, after having read the attached pleading verifies that the within Civil Action Complaint is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the Civil Action Complaint is that of counsel and not of signer. Signer verifies that he has read the within Civil Action Complaint and that they are true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the Civil Action Complaint are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

X_____

DAVID J. GORBERG, ESQUIRE

Date: January 31, 2018



COMMONWEALTH OF PENNSYLVANIA REGISTRATION CREDENTIAL

EXPIRY: MAR 31, 2018

PLATE:        KGF5551
TITLE:        77303S59L 1P
VIN:
YR/MAKE:      2007 TOYOTA
TYPE:
WT:           3710 346 00117 0012
TITLE BRANDS:
EMISSION INSPECTION REQUIRED/DIESEL COUNTY: MONTGOMERY

MICHAEL J FRIEDBERG
1650 OAKWOOD DR
APT E315
PENN VALLEY PA
19072

00989240

SIGNATURE

I hereby acknowledge the day that I have received
notice of the provisions of Section 706 of the Vehicle
Code

# ST-10

(6-06, R-12)

**4107**

**STATE OF NEW JERSEY**
**DEPARTMENT OF THE TREASURY**
**DIVISION OF TAXATION**
## MOTOR VEHICLE SALES AND USE TAX EXEMPTION REPORT
(See Reverse Side for Instructions and Definitions)

Motor Vehicle Dealer ___**F.C. KERBECK & SONS**___

Address ___**RT. 73, PALMYRA, NJ 08065**___

Telephone Number ___**856-829-8200**___          Taxpayer ID Number ___**221-857-038**___

## I PURCHASE INFORMATION

(a) Purchaser/Lessee (please print or type) ___MICHAEL J FRIEDBERG___

(b) FID # or last three (3) digits of your S⁗ ___          (c) Date of Purchase/Lease ___04/08/2017___

(d) New Jersey Address ___N/A___

(e) Out-of-State Address ___1650 OAKWOOD DR E315 PENN VALLEY PA___

(f) Telephone Number - ( __215__ ) ___860-0334___          (g) Occupation ___IT CONSULTANT___

(h) Employer ___NATIONAL EDUCATION CONSULTANTS___   (i) Address ___1650 Oakwood Dr. E315 PennValley Pa___

(j) Driver's License Issued by State of: ___PA___  Number ___          Expiration Date ___08/07/2020___

(k) Other Driver's License Issued by State of: ___  Number ___          Expiration Date ___

## II VEHICLE IDENTIFICATION DATA

Make of Vehicle ___MASERATI___          Model ___GRANTURISMO___          Year ___2017___

Full Serial number ___ZAM45VLA5H0214459___    Body Type ___2DR___          Color ___HERO___

## III COMPUTATION OF PRICE

(a) Enter Full Purchase Price/Lease Payment & Number of Payments ..................... $ ___1,611.__ ...___

(b) Enter Trade-In Allowance or Discount, if any ................................... $ ___

(c) Adjusted Purchase Price/Lease (Item A Less Item B) ............................. $ ___1,611.__ ...___

| Make of Vehicle | Model | Year | State of Registration PA |
|---|---|---|---|
| Full Serial Number | Body Type | Color | Plate Number |

## IV EXEMPTION CERTIFICATION

The purchaser/lessee certifies he/she is a nonresident of New Jersey, has no permanent place of abode in New Jersey, is not engaged in carrying on in New Jersey any employment, trade, business or profession in which the motor vehicle will be used in New Jersey.

Sign Here ___          04/08/2017___
Purchaser/Lessee (if corporation, an authorized officer must sign)          (Date)

## V DEALER OF CERTIFICATION

I certify that I have examined the above form after its completion and the information given is true and correct to the best of my knowledge and belief.

Sign Here ___          04/08/2017___
Dealer          (Date)

### PRIVACY ACT NOTIFICATION

The Federal Privacy Act of 1974 requires all agencies requesting information to inform individuals from whom it seeks information why the request is being made and how the information is being used.

Your social security number is used primarily to account for and give credit for tax payments. It is also used in the administration and enforcement of all tax laws for which the Division of Taxation has statutory responsibility.

**THIS FORM MAY BE REPRODUCED WITHOUT PRIOR AUTHORITY**

9450

# CUSTOMER ACKNOWLEDGMENT
## ESTIMATED MOTOR VEHICLE FEES

**Dealership Name**  FC Kerbeck and Sons

**Dealership Address**  Palmyra, NJ 08065

| (City) | (State) | (Zip) |

The motor vehicle fees shown on the Retail Order Form or Lease Contract for your vehicle are an approximation of the actual fees that will be charged by the appropriate Division of Motor Vehicles to process the title and registration for your vehicle. When your title work has been completed, we will refund any excess fees that have been collected from you. If we have underestimated your motor vehicle fees, we will seek payment of such amount from you.

Charges for the following items are included in the total estimated motor vehicle fees for your vehicle

| | ESTIMATED | ACTUAL | DIFFERENCE |
|---|---|---|---|
| **New Jersey Vehicles** | | | |
| Title | $ XXXXX | $ | $ |
| Encumbrance Lien Holder | $ XXXXX | $ | $ |
| Registration | $ XXXXX | $ | $ |
| Temporary Registration | $ XXXXX | $ | $ |
| NJ Reassigning Trade Title (if applicable) | $ 10.00 | $ | $ |
| Other | $ XXXXX | $ | $ |
| Duplicate Trade Title | $ 60.00X | $ | $ |
| DMV Online Service | $ 10.50 | $ | $ |
| ETemp Production Charges | †0.00 | | |
| **Out of State Vehicles** | | | |
| Title | | $ | $ |
| Encumbrance Lien Holder | | $ | $ |
| Registration | | $ | $ |
| Temporary Registration 7.00 | $ 230.00 | $ | $ |
| Reassigning Trade Title (if applicable) | | $ | $ |
| Flipping Trade Title (if applicable) | | $ | $ |
| Duplicate Trade Title | | $ | $ |
| Motor Vehicle Vendor Charge | $ 30. | $ | $ |
| (Not a Governmental agency charge) | | | |
| ETemp Production Charges | 14.00 | | |
| **Total** | $ 260.00 | | |

I, the undersigned customer, understand that the motor vehicle charges listed above are a good faith estimate of the actual fees that will be charged to title and register the vehicle that I am purchasing from the dealership, and include the costs for flipping the title of any trade-in vehicle (if applicable) to the dealership, as well as the cost of issuance of a temporary registration, in order that I can operate such vehicle.

I understand that any overpayment of such motor vehicle fees will be refunded to me. In the event that the total estimated motor vehicle fees are less than the actual charges, I understand that I am responsible for paying such shortfall to the dealership.

☑ I would like new License plates.
☐ I would like to transfer license plate # _____

**Dated** 04/08/2017

**Customer's Signature** _____

**Print Customer's Name** MICHAEL J FRIEDBERG

**Co-Buyer/Co-Lessee Signature** _____

**Print Co-Buyer/Co-Lessee Name** _____

R.H. Seimer Co. • Form MVEF-833

# WAIVER

I HAVE BEEN ADVISED THAT UNDER THE NEW JERSEY CONSUMER PROTECTION LEASING ACT (N.J.S.A. 56:12-60, ET SEQ.), I AM ENTITLED TO REVIEW THE LEASE CONTRACT AND ANY ATTACHMENTS FOR ONE 24-HOUR BUSINESS DAY BEFORE SIGNING. I CHOOSE TO WAIVE THAT RIGHT AND SIGN THE LEASE NOW.

_MJF_

LESSEE'S INITIALS                                                                LESSOR'S INITIALS

### THIS WAIVER SPECIFICALLY APPLIES TO THE LEASE OF A:

| 2017 | MASERATI | GRANTURISMO | ZAM45VLA5HO214459 |
|------|----------|-------------|-------------------|
| (YEAR) | (MAKE) | (MODEL) | (VIN) |

THE LESSOR HAS REVIEWED THE FOLLOWING ELEMENTS OF THE LEASE DISCLOSURE WITH ME:

$ 140550.00 MSRP OR FACTORY STICKER        $ N/A TRADE-IN CREDIT

$ 1945.00 TOTAL COST OF OPTIONS AND        $ 70275.00 RESIDUAL VALUE
EXTRAS

$ 142495.00 TOTAL COST                     $ .30 EXCESS MILEAGE CHARGES

$ 260.00 TITLE & REGISTRATION             PROVISIONS CONCERNING THE
                                          BREAKING OF THE LEASE HAVE
                                          BEEN EXPLAINED
$ 795.00 ACQUISITION FEE                   (LESSOR'S INITIALS)

$ N/A SECURITY DEPOSIT                     EXCESS WEAR AND TEAR CHARGES
                                          HAVE BEEN EXPLAINED
$ N/A OPTIONAL WARRANTY &                  (LESSOR'S INITIALS)
INSURANCE CHARGE
                                          IF A PURCHASE OPTION EXISTS,
$ 123240.00 TOTAL CAP COST                 HOW THIS VEHICLE IS PURCHASED
                                          HAS BEEN EXPLAINED
$ 2499.00 INITIAL PAYMENT OF CASH          (LESSOR'S INITIALS)

                                          $ 1611.51 MONTHLY PAYMENT

                                          $ 58014.36 TOTAL OF PAYMENTS

I UNDERSTAND THAT THIS IS A LEASE AGREEMENT AND NOT A PURCHASE AGREEMENT, THAT THE PROPERTY BEING LEASED MAY NOT HAVE ANY EQUITY OR OWNERSHIP VALUE TO ME AT THE END OF THE LEASE AND THAT THE LEASED PROPERTY BELONGS TO THE LESSOR.

LESSEE'S SIGNATURE        N/A        CO-LESSEE'S SIGNATURE

Dated: 04/08/2017

LESSOR'S SIGNATURE

# Maserati of The Main Line

**408299**
MASERATI
*INVOICE*

215 W. LANCASTER AVENUE
DEVON, PA 19333
(484) 804-4800
Fax: (484) 804-4801
www.maseratiofthemainline.com

CUSTOMER #: 22988

MICHAEL FRIEDBERG
1650 OAKWOOD DR
PENN VALLEY, PA
HOME:215-868-0334 CONT:484-547-9493
BUS:          CELL:

PAGE 1

SERVICE ADVISOR: 180 JASON SMITH

| | 17 | MASERATI GRAN TURISM | ZAM45VLA5H0214459 | | | 5287/8246 | T327 |

| 20SEP17 DD | | | WAIT 20SEP17 | | 150.00 | CASH | 22DEC17 |

OPTIONS:   DLR:6018

08:31 20SEP17  10:05 22DEC17

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|------|--------|------|------|-------|--|------|-----|-------|

PDL PICK UP AND DELIVERY SERVICE WITH LOANER

PARTS:   0.00  LABOR:   0.00  OTHER:   0.00   TOTAL LINE A:   0.00

*******************************************************

MPI PERFORM COMPLIMENTARY MULTI-POINT INSPECTION.

ISP                                                    (N/C)

PERFORMED MULTI POINT INSPECTION

** C/S THE ALAM DOES NOT BEEP WHEN LOCKING

405 SNYDER,DEREK LIC#: 1

1 292181 ALARM CONTROL UNIT.                           (N/C)

0200130 OBD CHECK

WM                                                     (N/C)

405 SNYDER,DEREK LIC#: 1

PARTS:   0.00  LABOR:   0.00  OTHER:   0.00   TOTAL LINE C:   0.00

FUSES AND ALARM SIREN. RAN ACTIVE DIAG FOR SIREN AND ALARM DOES NOT

BCM. AFTER PERFORMING UPDATES AND PROGRAMMING BCM THE VEHICLE WOULD NOT

FAULTY. ORDERED SECOND BCM AND WILL BRING VEHICLE BACK FOR REPAIR.

** C/S YELLOW SUSPENSION WARNING LIGHT IS COMING ON

## STATEMENT OF DISCLAIMER

The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

OUR GUIDING PRINCIPLES.....
TO SATISFY THE TRANSPORTATION NEEDS OF OUR CUSTOMERS BY
OFFERING A SERVICE FOR WHICH VALUE EXCEEDS COSTS AND BY
PERFORMING THAT SERVICE BETTER THAN OUR COMPETITION!

| | |
|--|--|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| MISC. CHARGES | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

CUSTOMER COPY

**CUSTOMER #: 22988**

MICHAEL FRIEDBERG
1650 OAKWOOD DR
PENN VALLEY, PA
HOME:215-868-0334  CONT:484-547-9493
BUS:          CELL:

**MASERATI**
**408299**
***INVOICE***

PAGE 2

# Maserati of The Main Line

215 W. LANCASTER AVENUE
DEVON, PA 19333
(484) 804-4800
Fax (484) 804-4801
www.maseratiofthemainline.com

SERVICE ADVISOR: 180 JASON SMITH

| | 17 | MASERATI GRAN TURISM | ZAM45VLASH0214459 | | | 5287/8246 | T327 |
|---|---|---|---|---|---|---|---|

| 20SEP17 DD | | WAIT 20SEP17 | | 150.00 | CASH | 22DEC17 |
|---|---|---|---|---|---|---|

OPTIONS:   DLR:6018

08:31 20SEP17   10:05 22DEC17

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|

6900070 LH WHEEL FRONT VERTICAL ACCELERATION

405 SNYDER,DEREK LIC#: 1

1 264470 LH WHEEL VERT.ACCELERATION SEN                    (N/C)

405 SNYDER,DEREK LIC#: 1

PARTS:    0.00  LABOR:    0.00  OTHER:    0.00  TOTAL LINE D:    0.00

CHECKED CONNECTION FOR THE FRONT LEFT VERTICAL SENSOR.  REPLACED FAULTY

*********************************************************

LOOSE

98 9430930 FRONT SEAT FRONT CARTER

WM                                              (N/C)

REMOVED SCREWS FROM SEAT TO GAIN ACCESS TO THE COVER SCREWS.

*********************************************************

CAUSE: MISFIRE FAULTS PRESENT

405 SNYDER,DEREK LIC#: 1

PARTS:    0.00  LABOR:    0.00  OTHER:    0.00  TOTAL LINE F:    0.00

CONFIRMED MISFIRES DID NOT RETURN

*** PERFORM MASERATI OIL SERVICE

**STATEMENT OF DISCLAIMER**

The factory warranty constitutes all of the warranties with respect to the sale of this item/items.  The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose.  Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

OUR GUIDING PRINCIPLES.....
TO SATISFY THE TRANSPORTATION NEEDS OF OUR CUSTOMERS BY
OFFERING A SERVICE FOR WHICH VALUE EXCEEDS COSTS AND BY
PERFORMING THAT SERVICE BETTER THAN OUR COMPETITION!

| | |
|---|---|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| MISC. CHARGES | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

**CUSTOMER COPY**



**Maserati of The Main Line**

215 W. LANCASTER AVENUE
DEVON, PA 19333
(484) 804-4800
Fax: (484) 804-4801
www.maseratiofthemainline.com

CUSTOMER #: 22988

MICHAEL FRIEDBERG
1650 OAKWOOD DR
PENN VALLEY, PA
HOME:215-868-0334  CONT:484-547-9493
BUS:          CELL:

*408299
MASERATI
*INVOICE*

PAGE 3

SERVICE ADVISOR: 180 JASON SMITH

| | 17 | MASERATI GRAN TURISM | ZAM45VLA5H0214459 | | 5287/8246 | T327 |
|---|---|---|---|---|---|---|

| 20SEP17 DD | | WAIT 20SEP17 | 150.00 | CASH | 22DEC17 |
|---|---|---|---|---|---|

| OPTIONS: | DLR:6018 |
|---|---|

08:31 20SEP17  10:05 22DEC17

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | 405 SNYDER,DEREK LIC#: 1 | | | | | | | |
| 1 | 10261860 GASKET 22- 30X 1.5 | | | | | 1.89 | 1.89 | 1.89 |
| 10 | 5W40 EURO SYNTHETIC OIL | | | | | 13.95 | 13.95 | 139.50 |

PARTS:   200.56   LABOR:   155.00   OTHER:   0.00   TOTAL LINE G:   355.56

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SCRAPING

405 SNYDER,DEREK LIC#: 1

PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE H:   0.00

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOUNT4 MOUNT AND BALANCE 4 TIRES

| | CP | | | | | | 200.00 | 200.00 |
|---|---|---|---|---|---|---|---|---|
| 2 | 1848800 P WIN SZ 2 | | | | | 364.36 | 364.36 | 728.72 |
| 1 | FREIGHT FREIGHT | | | | | 92.40 | 92.40 | 92.40 |
| 4 | TIRETAX TIRE TAX | | | | | 1.00 | 1.00 | 4.00 |

MOUNT AND BALANCE 4 NEW SNOW TIRES.

** PERFORM ALIGNMENT TO MASERATI SPECIFICATIONS

SPECIFICATIONS

STATEMENT OF DISCLAIMER

The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

OUR GUIDING PRINCIPLES......
TO SATISFY THE TRANSPORTATION NEEDS OF OUR CUSTOMERS BY
OFFERING A SERVICE FOR WHICH VALUE EXCEEDS COSTS AND BY
PERFORMING THAT SERVICE BETTER THAN OUR COMPETITION!

| LABOR AMOUNT | |
|---|---|
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| MISC. CHARGES | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

CUSTOMER COPY

Case 2:18-00658-0 - IJDC-29 Received at County of Bucks Prothonotary on 03/20/2018 11:23:48 AM. Rec... 0264, Qbsd file distribution liability, filing party, etc. with the prejudice and Pending in case notes with prejudice and Pending if no loss Batts party is

**CUSTOMER #: 22988**

MICHAEL FRIEDBERG
1650 OAKWOOD DR
PENN VALLEY, PA
HOME:215-868-0334  CONT:484-547-9493
BUS:            CELL:

**MASERATI**
✱408299
**✱INVOICE✱**

**Maserati of The Main Line**
215 W. LANCASTER AVENUE
DEVON, PA 19333
(484) 804-4800
Fax (484) 804-4801
www.maseratiofthemainline.com

PAGE 4

SERVICE ADVISOR: 180 JASON SMITH

| | 17 | MASERATI GRAN TURISM | ZAM45VLA5H0214459 | | | 5287/8246 | T327 |
|---|---|---|---|---|---|---|---|

| 20SEP17 DD | | | WAIT 20SEP17 | | 150.00 | CASH | 22DEC17 |
|---|---|---|---|---|---|---|---|

OPTIONS:  DLR:6018

08:31 20SEP17  10:05 22DEC17

| LINE | OPCODE | TECH | TYPE | HOURS | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | CP | | | 180.97 | 180.97 |

PERFORMED ALIGNMENT TO MASERATI SPECS

** CUSTOMER REQUESTS HAT AND GLOVE SET AS PER MAILER - 2017 HAPPY

| | GLOVES2017 | CUSTOMER REQUESTS HAT AND GLOVE SET AS | | | | | |
|---|---|---|---|---|---|---|---|
| | 100 | ISP | | | | | (N/C) |
| | | | CP | | | -180.97 | -180.97 |

*****************************************************

PLEASE CONTACT ME PERSONALLY IF YOU HAVE ANY

YOUR EXPERIENCE WITH OUR DEALERSHIP. ONCE

WILL LOOK FORWARD TO SEEING YOU AGAIN!

**STATEMENT OF DISCLAIMER**

The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

OUR GUIDING PRINCIPLES......
TO SATISFY THE TRANSPORTATION NEEDS OF OUR CUSTOMERS BY
OFFERING A SERVICE FOR WHICH VALUE EXCEEDS COSTS AND BY
PERFORMING THAT SERVICE BETTER THAN OUR COMPETITION!

| | |
|---|---|
| LABOR AMOUNT | 535.97 |
| PARTS AMOUNT | 1810.34 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | -180.97 |
| MISC. CHARGES | 0.00 |
| TOTAL CHARGES | 2165.34 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 122.94 |
| PLEASE PAY THIS AMOUNT | |

**CUSTOMER COPY**



# Maserati of The Main Line

**215 W. LANCASTER AVENUE**
**DEVON, PA 19333**
**(484) 804-4800**
**Fax: (484) 804-4801**
**www.maseratiofthemainline.com**

CUSTOMER #: 22988

**MASERATI**
**\*INVOICE\***

**408299**

MICHAEL FRIEDBERG
1550 OAKWOOD DR
PENN VALLEY, PA
HOME:215-868-0334   CONT:484-547-9493
BUS:                CELL:

PAGE 1

SERVICE ADVISOR: 180 JASON SMITH

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|-------|------|------------|-----|---------|----------------|-----|
|       | 17   | MASERATI GRAN TURISM | ZAM45VLA5H0214459 | | 5287/8246 | T327 |

| DEL DATE | PROD DATE | WARR EXP | PROMISED | PO NO. | RATE | PAYMENT | INV DATE |
|----------|-----------|----------|----------|--------|------|---------|----------|
| 20SEP17 DD | | | WAIT 20SEP17 | | 150.00 | CASH | 22DEC17 |

RO OPENED          OPTIONS:   DLR:6018

8:31 20SEP17   10:05 22DEC17

| LINE | OPCODE | TECH | TYPE | HOURS | | | LIST | NET | TOTAL |
|------|--------|------|------|-------|--|--|------|-----|-------|
| | PICK UP AND DELIVERY SERVICE WITH LOANER | | | | | | | | |
| | PDL PICK UP AND DELIVERY SERVICE WITH LOANER | | | | | | | | (N/C) |

PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE A:   0.00
PROVIDED PICK UP AND DELIVERY SERVICE WITH A LOANER
********************************************************

| | PERFORM COMPLIMENTARY MULTI-POINT INSPECTION | | | | | | | | |
| | MPI PERFORM COMPLIMENTARY MULTI-POINT INSPECTION. | | | | | | | | |
| | 405 SNYDER,DEREK LIC#: | | | | | | | | |
| | ISP | | | | | | | | (N/C) |

PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE B:   0.00
PERFORMED MULTI POINT INSPECTION

| | ** C/S THE ALAM DOES NOT BEEP WHEN LOCKING | | | | | | | | |
| | BCT0352 BODY COMPUTER CONTROL UNIT | | | | | | | | |
| | 405 SNYDER, DEREK LIC#: 1 | | | | | | | | |
| | 1 292181 ALARM CONTROL UNIT. | | | | | | | | (N/C) |
| | 1 243716 BODY COMPUTER NODE NBC | | | | | | | | (N/C) |
| | 0200130 OBD CHECK | | | | | | | | |
| | 405 SNYDER, DEREK LIC#: 1 | | | | | | | | |
| | WM | | | | | | | | (N/C) |
| | 98 DIAG FOR ALARM | | | | | | | | |
| | 405 SNYDER,DEREK LIC#: 1 | | | | | | | | |
| | WM | | | | | | | | (N/C) |

PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE C:   0.00
CHECKED ALARM SETTING AND CONFIRMED ALL SETTING WERE SET. CHECKED
FUSES AND ALARM SIREN. RAN ACTIVE DIAG FOR SIREN AND ALARM DOES NOT
SOUND PROPERLY. MADE BOL AND CONTACTED TECH SUPPORT. ADVISED TO REPLACE
BCM. AFTER PERFORMING UPDATES AND PROGRAMMING BCM THE VEHICLE WOULD NOT
LOCK PROPERLY OR SOUND ALARM. UPDATED BOL AND THEY ADVISED NEW BCM IS
FAULTY. ORDERED SECOND BCM AND WILL BRING VEHICLE BACK FOR REPAIR.
********************************************************
** C/S YELLOW SUSPENSION WARNING LIGHT IS COMING ON

| STATEMENT OF DISCLAIMER | DESCRIPTION | TOTALS |
|-------------------------|-------------|--------|
| The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items. | LABOR AMOUNT | |
| | PARTS AMOUNT | |
| | GAS, OIL, LUBE | |
| | SUBLET AMOUNT | |
| | MISC. CHARGES | |
| | TOTAL CHARGES | |
| | LESS INSURANCE | |
| OUR GUIDING PRINCIPLES...... | SALES TAX | |
| TO SATISFY THE TRANSPORTATION NEEDS OF OUR CUSTOMERS BY OFFERING A SERVICE FOR WHICH VALUE EXCEEDS COSTS AND BY PERFORMING THAT SERVICE BETTER THAN OUR COMPETITION | PLEASE PAY THIS AMOUNT | |

CUSTOMER COPY



**MASERATI**
**408299**
***INVOICE***

**Maserati of The Main Line**
215 W. LANCASTER AVENUE
DEVON, PA 19333
(484) 804-4800
Fax: (484) 804-4801
www.maseratiofthemainline.com

CUSTOMER #: 22988

MICHAEL FRIEDBERG
1650 OAKWOOD DR
PENN VALLEY, PA
HOME:215-868-0334  CONT:484-547-9493
BUS:           CELL:

PAGE 2

SERVICE ADVISOR: 180 JASON SMITH

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|---|---|---|---|---|---|---|
|  | 17 | MASERATI GRAN TURISM | ZAM45VLASH0214459 |  | 5287/8246 | T327 |

| DEL DATE | PROD DATE | WARR. EXP. | PO NO | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|
| 20SEP17 DD |  | WAIT 20SEP17 |  | 150.00 | CASH | 22DEC17 |

RO OPENED:      READY:   OPTIONS:   DLR:6018

08:31 20SEP17   10:05 22DEC17

| LINE | OPCODE | TECH | TYPE | HOURS | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|
| CAUSE: FOUND THE LEFT FRONT VERTICAL ACCELERATION SENSOR FAULTY | | | | | | | |

6900070 LH WHEEL FRONT VERTICAL ACCELERATION
SENSOR
          405 SNYDER,DEREK LIC#: 1                          (N/C)

1 264470 LH WHEEL VERT.ACCELERATION SEN            (N/C)
0200140 ECU PARAMETER CHECK
          405 SNYDER,DEREK LIC#: 1
          WM                                               (N/C)
PARTS:    0.00  LABOR:     0.00  OTHER:    0.00   TOTAL LINE D:    0.00
SCANNED FOR FAULTS. CHECKED PARAMETERS FOR THE SUSPENSION SYSTEM.
CHECKED CONNECTION FOR THE FRONT LEFT VERTICAL SENSOR. REPLACED FAULTY
LEFT FRONT VERTICAL ACCELERATION SENSOR
*******************************************************
C/A:CHECK DRIVERS SEAT COVER UNDER FRONT OF SEAT BOTTOM PART IS
LOOSE
CAUSE: SCREWS CAME LOOSE FROM SEAT COVER
9B 9430930 FRONT SEAT FRONT CARTER
          405 SNYDER,DEREK LIC#: 1
          WM                                               (N/C)
PARTS:    0.00  LABOR:     0.00  OTHER:    0.00   TOTAL LINE E:    0.00
REMOVED SCREWS FROM SEAT TO GAIN ACCESS TO THE COVER SCREWS.
REASSEMBLED SEAT AND CONFIRMED COVERS ARE CORRECT
*******************************************************
C/A:CUSTOMER STATES CHECK ENGINE LIGHT IS ON
CAUSE: MISFIRE FAULTS PRESENT
NOTED CHECK AND CLEAR FAULTS
          405 SNYDER,DEREK LIC#: 1
                                                           (N/C)
PARTS:    0.00  LABOR:     0.00  OTHER:    0.00   TOTAL LINE F:    0.00
SCANNED FOR FAULTS AND CHECKED PARAMETERS. CLEARED FAULTS AND
CONFIRMED MISFIRES DID NOT RETURN
*******************************************************
*** PERFORM MASERATI OIL SERVICE

**STATEMENT OF DISCLAIMER**

The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

**OUR GUIDING PRINCIPLES......**
TO SATISFY THE TRANSPORTATION NEEDS OF OUR CUSTOMERS BY
OFFERING A SERVICE FOR WHICH VALUE EXCEEDS COSTS AND BY
PERFORMING THAT SERVICE BETTER THAN OUR COMPETITION!

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT |  |
| PARTS AMOUNT |  |
| GAS, OIL, LUBE |  |
| SUBLET AMOUNT |  |
| MISC. CHARGES |  |
| TOTAL CHARGES |  |
| LESS INSURANCE |  |
| SALES TAX |  |
| PLEASE PAY THIS AMOUNT |  |

Case# 2018-00654-0 - JUDGE:29 Received at County of Bucks Prothonotary on 03/27/2018 10:25 AM, Fee=$280.00, the Harshma Bass Attachment/Bus Petition Delivery is on record in the office of the Prothonotary of Bucks County at Doylestown Pennsylvania Public that scanned of the filed in the Civil Document Management System

# MASERATI
*INVOICE*
✦408299

## Maserati of The Main Line
215 W. LANCASTER AVENUE
DEVON, PA 19333
(484) 804-4800
Fax: (484) 804-4801
www.maseratiofthemainline.com

CUSTOMER #: 22988

MICHAEL FRIEDBERG
650 OAKWOOD DR
PENN VALLEY, PA
HOME: 215-868-0334   CONT: 484-547-9493
BUS:                 CELL:

PAGE 4

SERVICE ADVISOR:  180 JASON SMITH

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|---|---|---|---|---|---|---|
|  | 17 | MASERATI GRAN TURISM | ZAM45VLA5H0214459 |  | 5287/8246 | T327 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 20SEP17 DD |  |  | WAIT 20SEP17 |  | 150.00 | CASH | 22DEC17 |

RO OPENED           READY          OPTIONS:   DLR:6018
08:31 20SEP17   10:05 22DEC17

| LINE | OPCODE | TECH | TYPE | HOURS | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|
|  |  | SNIDER, DEREK |  |  |  |  |  |
|  |  | CP |  |  |  | 180.97 | 180.97 |

PARTS  0.00  LABOR  180.97  OTHER  0.00  TOTAL LINE  0  180.97
PERFORMED ALIGNMENT TO MASERATI SPECS

** CUSTOMER REQUESTS HAT AND GLOVE SET AS PER MAILER - 2017 HAPPY
HOLIDAYS

GLOVES2017 CUSTOMER REQUESTS HAT AND GLOVE SET AS
PER MAILER - 2017 HAPPY HOLIDAYS
       100   ISP                                          (N/C)
SUBL  10% DISCOUNT FOR HOLIDAY MAILER
         CP                                      -180.97   -180.97
PARTS  0.00  LABOR  0.00  OTHER  -180.97  TOTAL LINE X  -180.97
****************************************************
IN YOUR COMPLETE SATISFACTION IS OUR #1 PRIORITY.
PLEASE CONTACT ME PERSONALLY IF YOU HAVE ANY
QUESTIONS, COMMENTS OR CONCERNS REGARDING
YOUR EXPERIENCE WITH OUR DEALERSHIP. ONCE
AGAIN, THANK YOU FOR YOUR BUSINESS AND WE
WILL LOOK FORWARD TO SEEING YOU AGAIN!
PAUL MCGRAW, SERVICE MANAGER

### STATEMENT OF DISCLAIMER

The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

### OUR GUIDING PRINCIPLES......
TO SATISFY THE TRANSPORTATION NEEDS OF OUR CUSTOMERS BY
OFFERING A SERVICE FOR WHICH VALUE EXCEEDS COSTS AND BY
PERFORMING THAT SERVICE BETTER THAN OUR COMPETITION!

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | 535.97 |
| PARTS AMOUNT | 1810.34 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | -180.97 |
| MISC. CHARGES | 0.00 |
| TOTAL CHARGES | 2165.34 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 122.94 |
| PLEASE PAY THIS AMOUNT | 2288.28 |

CUSTOMER COPY



ZAM45VLA5H0214459

## Maserati 2017 GranTurismo MC Stradale/Sport
### ExpressAlign Total Alignment





* One or more values are not within specification. Tire wear, handling and safety problems may result.



**CUSTOMER #: 22988**

**408972**
MASERATI
*INVOICE*

**Maserati of The Main Line**
215 W. LANCASTER AVENUE
DEVON, PA 19333
(484) 804-4800
Fax: (484) 804-4801
www.maseratiofthemainline.com

MICHAEL FRIEDBERG
1650 OAKWOOD DR
PENN VALLEY, PA
HOME:215-868-0334   CONT:215-868-0334
BUS:                 CELL:

PAGE 1

SERVICE ADVISOR: 180 JASON SMITH

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|---|---|---|---|---|---|---|
|  | 17 | MASERATI GRAN TURISM | ZAM45VLA5H0214459 |  | 8563/8614 | T674 |

| DEL DATE | PROD DATE | WARR EXP | PROMISED | PO NO. | RATE | PAYMENT | INV DATE |
|---|---|---|---|---|---|---|---|
| 20SEP17 DE |  |  | 03JAN18 |  | 150.00 | CASH | 12JAN18 |

RO OPENED              READY        OPTIONS:   DLR:6018

10:46 03JAN18  10:20 12JAN18

| LINE OPCODE TECH TYPE HOURS | LIST | NET | TOTAL |
|---|---|---|---|
| PICK UP AND DELIVERY SERVICE WITH LOANER MERCEDES CHASE CAR / LOANER D |  |  |  |
| PDL PICK UP AND DELIVERY SERVICE WITH LOANER |  |  |  |
| 405 LICH |  |  | (N/C) |

PARTS:    0.00   LABOR:    0.00   OTHER:    0.00   TOTAL LINE A:    0.00
PROVIDED PICK UP AND DELIVERY SERVICE WITH A LOANER CAR.
*************************************************

INSTALLED OPCODE
8610352 BODY COMPUTER CONTROL UNIT
405 SNYDER, DEREK LICH: 1
WM                                                              (N/C)
1271116 BODY COMPUTER NODE NBC                                  (N/C)
KEY PROGRAM KEY
405 SNYDER, DEREK LICH: 1
WM                                                              (N/C)
96 STRAIGHT TIME FOR BCM DIAG AND PROGRAMING
405 SNYDER, DEREK LICH: 1
WM                                                              (N/C)

PARTS:    0.00   LABOR:    0.00   OTHER:    0.00   TOTAL LINE B:    0.00
INSTALLED NEW BCM AS PER AOL. AFTER INSTALLING AND PERFORMING
PROGRAMMING ATTEMPTED TO LOCK VEHICLE AND VEHICLE WILL NOT LOCK OR
UNLOCK AFTER NEW BCM. CONTACTED BOL AND WAS ADVISED OF A POSSIBLE
FAULTY NEW BCM. ORDERED NEW BCM, INSTALLED, AND PROGRAMMED BCM. VEHICLE
STILL WILL NOT LOCK OR UNLOCK. CONTACTED BOL AND WAS ADVISED TO TRY
UPDATING SOFTWARE WHICH MADE NO DIFFERENCE. BOL SUGGESTED TRYING KEY
PROGRAMING. PICKED UP KEY FROM CUSTOMER AND REPROGRAMMED KEYS TO BCM
AND VEHICLE NOW WORKING PROPERLY.

# FOUND CAM COVER GASKET LEAKING DURING MPI
GAUGE FAULTY CAM COVER GASKET
1240010 TIMING SYSTEM FRONT COVER
405 SNYDER, DEREK LICH:
WM                                                              (N/C)
1 251985 R.B HEAD COVER GASKET                                  (N/C)
8 223982 SPARK PLUG SLEEVE GASKET                              (N/C)

## STATEMENT OF DISCLAIMER

The factory warranty constitutes all of the warranties with respect to the sale of this
item/items. The Seller hereby expressly disclaims all warranties either express or implied,
including any implied warranty of merchantability or fitness for a particular purpose. Seller
neither assumes nor authorizes any other person to assume for it any liability in connection
with the sale of this item/items.

## OUR GUIDING PRINCIPLES.....
TO SATISFY THE TRANSPORTATION NEEDS OF OUR CUSTOMERS BY
OFFERING A SERVICE FOR WHICH VALUE EXCEEDS COSTS AND BY
PERFORMING THAT SERVICE BETTER THAN OUR COMPETITION!

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT |  |
| PARTS AMOUNT |  |
| GAS, OIL, LUBE |  |
| SUBLET AMOUNT |  |
| MISC. CHARGES |  |
| TOTAL CHARGES |  |
| LESS INSURANCE |  |
| SALES TAX |  |
| PLEASE PAY THIS AMOUNT |  |

CUSTOMER COPY

EXHIBIT B

# F.C. KERBECK & SONS

CADILLACS • LINCOLNS • MERCEDES' • JAGUARS • ROLLS-ROYCE • BENTLEY • LAMBORGHINI • MASERATI • ASTON MARTIN • BUICK • GMC

A Family Tradition Since 1899

ROUTE 73, PALMYRA, N.J. 08065
(856) 829-8200
www.fckerbeck.com

**Retail Vehicle Order**

☑ New   ☐ Used
☐ Demo   ☐ Program–Fleet Rental

DEAL#: 57110   CUST#: 103796

Customer __JP MORGAN CHASE BANK NA__
__C/O MICHAEL J FRIEDBERG__   Date __04/08/2017__ Stock No. __17M144__

Address __PO BOX 901098  FT WORTH TX  76101__   Email _____
Street/City/State/ZIP

Residence Phone _____ Cell Phone _____
Business Phone _____   Salesperson __CAPRA, STEVEN R__

D.L. No. _____   Soc. Sec. No. _____   DoB _____

Please Enter My Order For One __2017 MASERATI__   Model __GRANTURISMO__
(Year and Make)

Body Type __2DR__   Color __NERO__   Miles __41__   VIN __Z A M 4 5 V L A 5 H 0 2 1 4 4 5 9__

Interior Trim __NERO__

Prior to Delivery of the vehicle listed above, customer shall elect one of the following and so advise dealership:
☐ Cash Purchase   ☐ Finance Purchase   ☑ Lease

IF A CREDIT SALE, REQUIRED INFORMATION CONTAINED ON A SEPARATE DISCLOSURE STATEMENT IS MADE A PART OF THIS ORDER.

IF A LEASE, COMPLETE DISCLOSURE OF ALL LEASE TERMS AND CONDITIONS IS CONTAINED ON A SEPARATE LEASE CONTRACT.

To Be Delivered On or About: __04/08/2017__

| | |
|---|---|
| Price of Unit | 132825.00 |
| Additional Equipment (options) | 4525.00 |
| | N/A |
| | N/A |
| GAS GUZZLER TAX | 1700.00 |
| DESTINATION CHARGE | 1500.00 |
| TOTAL MSRP | 140550.00 |
| | N/A |
| F.C. KERBECK DISCOUNT | 20050.00 |
| SALE PRICE | 120500.00 |
| ELITE WHEEL & TIRE 3 YEAR | 1945.00 |
| | N/A |
| | N/A |
| TOTAL VEHICLE PRICE | 122445.00 |

IF A LEASE, THE FOLLOWING APPLY:
MONTHLY PAYMENT AMOUNT $ __1611.51__

Term __36__ Months
Mileage per Year: __12000__

CASH DUE AT DELIVERY __2499.00__
IF A PURCHASE, THE FOLLOWING APPLY:

| | | |
|---|---|---|
| TOTAL PRICE OF VEHICLE | 122445.00 | |
| Less Trade-in Allowance | N/A | |
| TOTAL TAXABLE AMOUNT | 122445.00 | |
| State Sales Tax | 20.52 | |
| NJ Supplemental Titling Fee | N/A | |
| Motor Vehicle Tire Fee | N/A | |
| Estimated Registration / Title Fee (See Paragraph 15 on Reverse Side) | 260.00 | |
| Documentary Fee  Administrative Fee $129.00  Clerical Expense $129.00  Document Transmittal Service $121.00 (See Paragraph 16 on Reverse Side) | 379 | 00 |
| Out of State MV Agency Charge | N/A | |
| NET PAYOFF ON TRADE-IN | N/A | |
| TOTAL | 123104.52 | |

## IF A NEW VEHICLE SALE OR LEASE . . .

The only warranties applying to this vehicle are those offered by the manufacturer. Dealer sells/leases this vehicle "as is" and hereby disclaims all warranties, either express or implied, including any implied warranties of merchantability and fitness for a particular purpose. Any liability of the Dealer with respect to defects or malfunctions of this vehicle including, without limitation, those which pertain to performance or safety, (whether by way of "strict liability," based upon Dealer's negligence, or otherwise, is expressly excluded and Customer hereby assumes any such risks. The manufacturer's warranty is not affected by this disclaimer of warranties by Dealer.

## IF USED VEHICLE SALE OR LEASE— CHECK APPROPRIATE BOX

☐ This vehicle is sold/leased "as is" and Dealer hereby expressly disclaims all warranties, either express or implied, including any implied warranties of merchantability and fitness for a particular purpose. Any liability of Dealer with respect to defects or malfunctions of this vehicle including, without limitation, those which pertain to performance or safety, (whether by way of "strict liability," based upon Dealer's negligence, or otherwise), is expressly excluded and Customer hereby assumes any such risks.

OR

☐ The only dealer warranty on this vehicle is the limited warranty which is issued with and made a part of this order form.

## ALL USED VEHICLE SALES AND LEASES–DEALER'S OBLIGATION

The laws of New Jersey require Motor Vehicle Dealers to make all necessary repairs, without charge, or return the full purchase price (if a sale) to the customer in the event a used vehicle sold/leased and intended to be registered in this State fails to meet State Inspection Standards for the issuance of a certificate of approval due to a defect that is not the result of the Customer's own act. The undersigned, before entering this contract, has been informed of the dealer's obligation above and agrees to have the used vehicle inspected within 14 days from the issuance of the permanent registration for such vehicle. Must be inspected at a NJ State MV Inspection Station, NOT a private inspection facility. If vehicle fails, repairs must be done by selling dealer.

__04  08  17__   X _____
Date                 Customer's Signature

## WAIVER OF DEALER'S OBLIGATION (USED VEHICLE SALE OR LEASE)

The undersigned, has read and understood the above Dealer's Obligation, and does hereby WAIVE AND RELEASE the DEALER'S OBLIGATION to make repairs without charge or return the full purchase price (if a sale) if the vehicle fails to meet State Inspection Standards for the issuance of a certificate of approval, unless the cause for the vehicle's rejection is an item which is "covered" by New Jersey's Used Car Lemon/Warranty Law (P.L. 1995, Chpt. 373).

/ / X _____
Date                 Customer's Signature

## TRADE-IN DESCRIPTION AND ALLOWANCE

Year ____ Make ____ Model ____ Color ____

Serial No. ____ Mileage ____

Trade-In Value ____ Date of ____

Less Balance Owed _____

Net Trade-In Allowance _____

Balance Owed to: _____

Address: _____

Account No. _____

Info. From _____   Good Thru _____

| | | |
|---|---|---|
| TOTAL MSRP | 140550.00 | risks. |
| | N/A | ☐ The only dealer warranty on this vehicle is the limited warranty which is issued with and made a part of this order form. |
| F.C. KERBECK DISCOUNT | 20050.00 | |
| SALE PRICE | 120500.00 | **ALL USED VEHICLE SALES AND LEASES—DEALER'S OBLIGATION** |
| ELITE WHEEL & TIRE 3 YEAR | 1945.00 | The laws of New Jersey require Motor Vehicle Dealers to make all necessary repairs, without charge, or return the full purchase price (if a sale) to the customer in the event |
| | N/A | a used vehicle sold/leased and intended to be registered in this State fails to meet State Inspection Standards for the issuance of a certificate of approval due to a defect that is |
| | N/A | not the result of the Customer's own act. The undersigned, before entering into this contract, has been informed of the dealer's obligation above and agrees to have the |
| TOTAL VEHICLE PRICE | 122445.00 | used vehicle inspected within 14 days from the issuance of the permanent registration |

**IF A LEASE, THE FOLLOWING APPLY:**
for such vehicle. Must be inspected at a NJ State MV Inspection Station, NOT a private

MONTHLY PAYMENT AMOUNT $ 1611.51
inspection facility. If vehicle fails, repairs must be done by selling dealer.

| | |
|---|---|
| Term _____36_____ Months | |
| Mileage per Year: 12000 | 04/08/17 X_____ |
| | Date       Customer's Signature |

| | | |
|---|---|---|
| CASH AT DELIVERY | 2499.00 | **WAIVER OF DEALER'S OBLIGATION (USED VEHICLE SALE OR LEASE)** |
| **IF A PURCHASE, THE FOLLOWING APPLY:** | | The undersigned, has read and understood the above Dealer's Obligation, and does hereby WAIVE and RELEASE the DEALER'S OBLIGATION to make repairs |
| **TOTAL PRICE OF VEHICLE** | 122445.00 | without charge or return the full purchase price (if a sale) if the vehicle fails to meet State Inspection Standards for the issuance of a certificate of approval, unless the |
| Less Trade-in Allowance | N/A | cause for the vehicle's rejection is an item which is "covered" by New Jersey's Used Car Lemon/Warranty Law (P.L. 1995, Chpt. 373). |
| **TOTAL TAXABLE AMOUNT** | 122445.00 | |
| State Sales Tax | 20.52 | __/__/__          X_____ |
| | | Date       Customer's Signature |
| NJ Supplemental Titling Fee | N/A | **TRADE-IN DESCRIPTION AND ALLOWANCE** |
| Motor Vehicle Tire Fee | N/A | Year _____ Make _____ Model _____ Color _____ |
| Estimated Registration / Title Fee | 260.00 | Serial No. _____ Mileage _____ |
| (See Paragraph 15 on Reverse Side) | | Trade-in Value _____ Date of _____ |
| Documentary Fee  Administrative Fee $129.00  Clerical Expense $129.00  Document Transmittal Service $121.00  (See Paragraph 16 on Reverse Side) | 379 00 | Less Balance Owed _____  Net Trade-In Allowance _____  Balance Owed to: _____ |
| Out of State MV Agency Charge | N/A | Address: _____ |
| **NET PAYOFF ON TRADE-IN** | N/A | Account No. _____ |
| **TOTAL** | 123104.52 | Info. From _____ Good Thru _____ |
| Deposit | 2499.00 | Customer certifies that the frame on the trade-in vehicle has never sustained any damage or been repaired. All airbags are of original equipment and have never been deployed. |
| **BALANCE IN CASH, CERTIFIED CHECK, OR OTHER ACCEPTABLE FORM OF PAYMENT TO BE PAID TO DEALER ON DELIVERY**  **BALANCE DUE ON DELIVERY⟹** | 120605.52 | Also, that the vehicle has never been in a flood or had the emission control system tampered with or altered. Customer certifies the above mileage of trade-in vehicle is accurate.  X_____      __/__/__  Customer's Signature            Date |

**AGREEMENT TO ARBITRATE ANY CLAIMS. READ THE FOLLOWING ARBITRATION PROVISION CAREFULLY, IT LIMITS YOUR RIGHTS, INCLUDING YOUR RIGHT TO MAINTAIN A COURT ACTION.**
The parties to this agreement agree to arbitrate any claim, dispute, or controversy, including all statutory claims and any state or federal claims, that may arise out of or relating to the purchase or lease identified in this Motor Vehicle Retail Order and the financing thereof. By agreeing to arbitration, the parties understand and agree that they are waiving their rights to maintain other available resolution processes, such as a court action or administrative proceeding, to settle their disputes. New Jersey Consumer Fraud Act, Used Car Lemon Law, and Truth-in-Lending claims are just three examples of the various types of claims subject to arbitration under this agreement. The parties also agree to waive any right to pursue any such claims including statutory, state or federal claims, as a class action. There are no limitations on the type of claims that must be arbitrated, except for New Car Lemon Law and Magnuson-Moss Warranty Act Claims which are excluded from arbitration under this agreement. The arbitration shall be conducted in accordance with the Rules of the American Arbitration Association before a single arbitrator. The Costs included in the arbitration process shall be shared as provided by the Association's Rules. The arbitration shall take place in New Jersey at the address of the dealership listed on the Retail Order Form. The decision of the arbitrator shall be binding upon the parties. Any further relief sought by either party will be subject to the decision of the arbitrator. **THIS ARBITRATION PROVISION LIMITS YOUR RIGHTS, INCLUDING YOUR RIGHT TO MAINTAIN A COURT ACTION AND HAVE A JURY TRIAL. PLEASE READ IT CAREFULLY, PRIOR TO SIGNING.**

Accepted By: 04/08/17 _____     04/08/17 _____
Date       Dealer or His Authorized Representative       Date       Customer's Signature

Customer agrees that this Order on the face and on reverse side and any attachments to it include all the terms and conditions, if a sale. Customer further agrees this Order cancels and supersedes any prior agreements and as of the date signed by Dealer or his authorized agent comprises the complete and exclusive statement of the terms of the agreement between Customer and Dealer. If Customer, prior to delivery, elects to lease the vehicle described above, Customer and Dealer agree to execute a lease contract which shall contain full disclosure of all lease information. **THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE.** Customer by execution of this Order acknowledges that they have read the terms and conditions and have received a true copy of the Order. **YOU HAVE A RIGHT TO A WRITTEN ITEMIZED PRICE FOR EACH SPECIFIC PRE-DELIVERY SERVICE WHICH IS TO BE PERFORMED. THE AUTOMOTIVE DEALER MAY NOT CHARGE FOR PRE-DELIVERY SERVICES FOR WHICH THE AUTOMOTIVE DEALER IS REIMBURSED BY THE MANUFACTURER. YOU HAVE A RIGHT TO A WRITTEN ITEMIZED PRICE FOR EACH SPECIFIC DOCUMENTARY SERVICE WHICH IS TO BE PERFORMED.** I am 18 years of age or older and of full legal capacity to enter into this contract.

Accepted By: 04/08/17 _____     04/08/17 X _____
Date       Dealer or His Authorized Representative       Date       Customer's Signature

**THIS ORDER NOT SUBJECT TO CANCELLATION   DEPOSIT NON-REFUNDABLE**
**IMPORTANT: READ THE TERMS AND CONDITIONS ON THE BACK OF THIS ORDER BEFORE SIGNING**

# LEASE

**MASERATI**
CAPITAL USA*

DEAL# 57110
STK # 17N144
CUST# 103795

☑ Monthly Payment Lease    ☐ Single Payment Lease    Lease Date: 04/08/2017

**1. PARTIES:**

| Lessor - Dealer Name FC Kerbeck and Sons | Address 100 ROUTE 73 NORTH |
| Lessor - Dealer Phone Number 8568298200 | Palmyra, NJ  08065 |
| Lessee - Name MICHAEL J FRIEDBERG | Address 1650 OAKWOOD DR APT E315 PENN VALLEY, PA 19072 |
| Lessee - Name N/A | Address N/A |

Each Lessee signing this Lease ("you" or "your") agrees to lease from the Lessor named above the vehicle described in Section 2 (the "Vehicle") on the terms and conditions in this Lease Agreement ("Lease"). Lessor intends to assign its rights and interest under this Lease to JPMorgan Chase Bank, N. A. ("Chase"). Chase will administer this Lease unless we notify you otherwise. The assignee's telephone number is 1-800-336-6675 and address is P.O. Box 901076, Fort Worth, TX 76101-2076, unless we notify you otherwise. As used in this Lease, the terms "us," "our" and "we" refer to the Lessor and, after assignment, to Chase or its successors and assigns.

**2. DESCRIPTION OF LEASED VEHICLE:**

| MODEL YEAR | MAKE | MODEL | BODY STYLE | COLOR | VEHICLE ID NO. | ODOMETER |
|---|---|---|---|---|---|---|
| 2017 | MASERATI | GRANTURISMO | 2DR | NERO | ZAM45VLA5H0214459 | 41 |

☐ If checked, the primary use of the Vehicle is business or commercial; otherwise, it is personal, family or household use.

The Vehicle engine has _____8_____ cylinders; The Vehicle transmission is ☑ automatic ☐ manual; The Vehicle brakes are ☑ power assisted ☐ manual; The Vehicle steering is ☑ power assisted ☐ manual; The Vehicle ☑ is ☐ is not air conditioned; If the Vehicle has a Monroney label, the manufacturer's suggested retail price on such label is $ __140550.00__

PRIOR USE(S) OF VEHICLE (IF APPLICABLE): This item applies only if the odometer reading disclosed above is higher than 1,000 miles. The prior use(s) of the Vehicle was/were: ☐ personal, family or household ☐ demonstrator ☐ livery ☐ daily rental ☐ police ☐ prior wreckage ☐ unknown.

**3. LEASE TERM.** The Lease Term is _____36_____ months, beginning on the Lease Date (above) and ending on 04/08/2020 (the "**Maturity Date**").

**4. DESCRIPTION OF TRADE-IN (if applicable)**

| MODEL YEAR | MAKE | MODEL | GROSS ALLOWANCE | AMOUNT OWED | NET TRADE-IN |
|---|---|---|---|---|---|
| N/A | N/A | N/A | $ N/A | $ N/A | $ N/A |

An "e" in this Lease indicates an estimate.

**Federal Consumer Leasing Act Disclosures**

| 5. Amount Due at Lease Signing or Delivery | 6. Lease Payments: | 7. Other Charges (not part of your Monthly Payment): | 8. Total of Payments (The amount you will have paid by the end of the Lease): |
|---|---|---|---|
| (Itemized below)* $ 2499.00 | **(a) Monthly Payment Lease:** Your first Monthly Payment of $ 1611.51 is due on 04/08/2017 followed by 35 payments of $ 1611.51 due each following month. The total of your Monthly Payments is $ 58014.36 <br> **(b) Single Payment Lease:** Your Advance Single Payment of $ N/A is due on N/A . | **Disposition Fee** (if you do not purchase the Vehicle from us): $ 300.00 <br><br> Total: $ 300.00 | $ 58201.85 |

**9. Amount Due at Lease Signing or Delivery:**

(a) Capitalized Cost Reduction . . . . . . . . . . . . . . . $ 227.97
(b) First Monthly Payment . . . . . . . . . . . . . . . . . + $ 1611.51
(c) Advance Single Payment . . . . . . . . . . . . . . . + $ N/A
(d) Refundable security deposit . . . . . . . . . . . . . + $ N/A
(e) Initial title fees . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(f) Initial registration fees . . . . . . . . . . . . . . . . . + $ 360.00
(g) Sales or use tax . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(h) Acquisition Fee . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(i) Dealer document processing fee . . . . . . . . . . + $ 379.00
(j) Prior credit or lease balance . . . . . . . . . . . . . + $ N/A
(k) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(l) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(m) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(n) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(o) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(p) CAP RED TAX . . . . . . . . . . . . . . . . . . . . . . + $ 20.52
(q) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(r) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(s) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(t) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(u) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ N/A
(v) Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . = $ 2499.00

**10. How the Amount Due at Lease Signing and Delivery will be paid:**

(a) Net trade-in allowance . . . . . . . . . . . . . . . . . $ 0.00
(b) Amount to be paid in cash . . . . . . . . . . . . . + $ 2499.00
(c) Rebates and noncash credits:
  (1) Manufacturer Rebate(s) . . . . . . . . . . . . + $ N/A
  (2) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ 0.00
  (3) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ 0.00
  (4) N/A . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ 0.00

(d) Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . = $ 2499.00

capitalized cost. The agreed upon value of the vehicle (\$_____) and any items you pay for over the Lease Term such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance) (See Section 16 below for an itemization of this amount) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . \$ ___123240.00___

(b) **Capitalized cost reduction.** The amount of any rebate, net trade-in allowance, noncash credit or cash you pay that reduces the gross capitalized cost . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . – \$ ___227.97___

(c) **Adjusted capitalized cost.** The amount used in calculating your base Monthly Payment. . . . . . . . . . . . . . . . . = \$ ___123012.03___

(d) **Residual value.** The value of the Vehicle at the end of the Lease used in calculating your base Monthly Payment. . . . . . . . . . . . – \$ ___70275.00___

(e) **Depreciation and any amortized amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = \$ ___52737.03___

(f) **Rent charge.** The amount charged in addition to the depreciation and any amortized amounts. . . . . . . . . . . . . . . . + \$ ___487.17___

(g) **Total of base Monthly Payments.** The depreciation and any amortized amounts plus the rent charge. . . . . . . . . . . . = \$ ___53224.20___

(h) **Lease Payments.** The number of payments in your Lease. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ÷ ___36___

(i) **Base Lease Payment (Monthly or Advance Single, as applicable)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = \$ ___1478.45___

(j) **Sales/use tax.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + \$ ___133.06___

(k) **Other:** ___N/A___ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(l) **Total Lease Payment (Monthly or Advance Single, as applicable)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = \$ ___1611.51___

Lease terms are negotiable with the Lessor. The Lessor intends to assign this Lease Agreement and may retain a portion of the Total Lease Payments.

---

**12. Early Termination. You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.**

---

**13. Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use, and for mileage in excess of ___12,000___ miles per year during the scheduled Lease Term at the rate of ___30___ cents per mile.

**14. Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the Lease Term for \$ ___70275.00___ and a purchase option fee of \$ ___50.00___ , for a total of \$ ___70325.00___ . The purchase option fee does not include fees for tags, taxes or registration.

**15. Other Important Terms.** See the front and back of this Lease for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, excess wear standards and any security interest, if applicable.

**16. ITEMIZATION OF GROSS CAPITALIZED COST.**

(a) Agreed upon value of the Vehicle . . . . . . . . . \$ ___120500.00___

(b) Sales/use tax . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(c) Initial title, license and registration fees . . . . . . + \$ ___N/A___

(d) Acquisition Fee . . . . . . . . . . . . . . . . . . + \$ ___795.00___

(e) Prior credit or lease balance . . . . . . . . . . . + \$ ___N/A___

(f) Dealer document processing fee . . . . . . . . . . + \$ ___N/A___

(g) ___N/A___ . . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(h) ___N/A___ . . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(i) ___N/A___ . . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(j) ___ELITE WHEEL & TIRE 3 YEAR___ . . + \$ ___1945.00___

(k) ___N/A___ . . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(l) ___N/A___ . . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(m) ___N/A___ . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(n) ___N/A___ . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(o) ___N/A___ . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(p) ___N/A___ . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(q) ___N/A___ . . . . . . . . . . . . . . . . . . . . . + \$ ___N/A___

(r) Gross Capitalized Cost . . . . . . . . . . . . . . . = \$ ___123240.00___

**17. OFFICIAL FEES AND TAXES.** The total amount you will pay for official and license fees, registration, title, and taxes over the term of your Lease, whether included with your Monthly Payments (or Advance Single Payment, as applicable) or assessed otherwise is:

\$ ___5580.68___ e.

**This amount is an estimate. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the Vehicle when a fee or tax is assessed.**

**18. WARRANTIES.** The Vehicle is subject to the manufacturer's standard new car warranty. The Vehicle is also subject to any other express warranties or guarantees disclosed here:

There are no warranties, guarantees or other rights provided to you by us or the Vehicle's manufacturer other than those disclosed in this Lease.

WE DISCLAIM ALL IMPLIED WARRANTIES, INCLUDING THE WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT WHERE PROHIBITED BY LAW.

**19. INSURANCE VERIFICATION.** The insurance required by Section 28 of this Lease is in force on the Lease Date as follows:

Insurance Co.: ___GEICO___

Policy No.: ___4149550535___

Agent's Name: ___GEICO___

Agent's Address: ___1 GEICO BLVD FREDERICKSBURG VA___

Phone Number: ___8008413000___

---

**20. OPTIONAL INSURANCE AND OTHER PRODUCTS.**
You are not required to buy any of the optional insurance products or other products listed below. You should carefully review the contracts that describe the details of any optional insurance products or other products you choose to buy. By signing this Lease, you have elected to purchase from the Lessor the following optional insurance products and other products:

| Type | Provider Name | Coverage Term/Coverage Amount | Premium/Charge* |
|---|---|---|---|
| ☐ Service Contract | N/A | ___ miles/ ___N/A___ months | \$ ___N/A___ |
| ☐ Prepaid Maintenance Plan | N/A | ___ miles/ ___N/A___ months | \$ ___N/A___ |
| ☐ Tire & Wheel Protection | ELITE | UNL miles/ ___36___ months | \$ ___1945.00___ |
| | N/A | N/A miles/ N/A | \$ ___N/A___ |
| | N/A | N/A miles/ N/A | \$ ___N/A___ |
| | N/A | N/A miles/ N/A | \$ ___N/A___ |
| | You have purchased the optional products listed above for a total charge of: | | \$ ___1945.00___ |

\* The Dealer may retain a portion of the premiums or other charges for the optional insurance products and other products listed above.

---

**21. HOW THIS LEASE MAY BE CHANGED.** This Lease contains the entire agreement for the Lease of the Vehicle. We may, in our sole discretion, agree orally to requests for extensions, deferrals, or due date changes, and confirm them electronically or in writing. We may, at our option, change any provision in this Lease by giving you at least 10 days' advance written notice of the proposed change, provided that the change is at least as favorable to you as the existing provision. No other changes to this Lease are effective unless they are in a writing signed by you and us.

|   |   |   |   |
|---|---|---|---|
| (h) | N/A | + $ | N/A |
| (i) | N/A | + $ | N/A |
| (j) | ELITE WHEEL & TIRE 3 YEAR | + $ | 1945.00 |
| (k) | N/A | + $ | N/A |
| (l) | N/A | + $ | N/A |
| (m) | N/A | + $ | N/A |
| (n) | N/A | + $ | N/A |
| (o) | N/A | + $ | N/A |
| (p) | N/A | + $ | N/A |
| (q) | N/A | + $ | N/A |
| (r) Gross Capitalized Cost . . . . . . . . . . . . . . . . . = $ | | | 123240.00 |

new car warranty. The vehicle is also subject to any other express warranties or guarantees disclosed here:

There are no warranties, guarantees or other rights provided to you by us or the Vehicle's manufacturer other than those disclosed in this Lease. **WE DISCLAIM ALL IMPLIED WARRANTIES, INCLUDING THE WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT WHERE PROHIBITED BY LAW.**

**19. INSURANCE VERIFICATION.** The insurance required by Section 28 of this Lease is in force on the Lease Date as follows:

Insurance Co.: _____ GEICO _____
Policy No.: _____ 4149550636 _____
Agent's Name: _____ GEICO _____
Agent's Address: _ 1 GEICO BLVD FREDERICKSBURG VA _
Phone Number: _____ 8008413000 _____

**20. OPTIONAL INSURANCE AND OTHER PRODUCTS.**
You are not required to buy any of the optional insurance products or other products listed below. You should carefully review the contracts that describe the details of any optional insurance products or other products you choose to buy. By signing this Lease, you have elected to purchase from the Lessor the following optional insurance products and other products:

| Type | Provider Name | Coverage Term/Coverage Amount | | | Premium/Charge |
|---|---|---|---|---|---|
| ☐ Service Contract | N/A | N/A miles/ N/A months . . . . . . . . . . . . . . . | | | $ N/A |
| ☐ Prepaid Maintenance Plan | N/A | N/A miles/ N/A months . . . . . . . . . . . . . . . | | | $ N/A |
| ☐ Tire & Wheel Protection | ELITE | UNL miles/ 36 months . . . . . . . . . . . . . . . | | | $ 1945.00 |
| N/A | N/A | N/A | | | $ N/A |
| N/A | N/A | N/A | | | $ N/A |
| N/A | N/A | N/A | | | $ N/A |
| | **You have purchased the optional products listed above for a total charge of:** . . . . . . . . . . . . . . . . . . . . | | | | $ 1945.00 |

\* The Dealer may retain a portion of the premiums or other charges for the optional insurance products and other products listed above.

**21. HOW THIS LEASE MAY BE CHANGED.** This Lease contains the entire agreement for the Lease of the Vehicle. We may, in our sole discretion, agree orally to requests for extensions, deferrals, or due date changes, and confirm them electronically or in writing. We may, at our option, change any provision in this Lease by giving you at least 10 days' advance written notice of the proposed change, provided that the change is at least as favorable to you as the existing provision. No other changes to this Lease are effective unless they are in a writing signed by you and us.

Lessee's Signature: _____    Lessee's Signature: ___ N/A ___

### ADDITIONAL NEW JERSEY DISCLOSURES

**TOTAL COST OF THE LEASE.** The total cost of this Lease, assuming you do not default and you exercise the purchase option at scheduled Lease end, is $ 129225.85. This disclosure is required by New Jersey law and is calculated in a manner specified under the law. We calculate this amount by adding: the Amount Due at Lease Signing or Delivery in Section 5 (minus the first Monthly Payment, refundable security deposit and insurance), the total amount to be paid in periodic payments during the term of the Lease in Section 6 and the purchase option price in Sections 14 and 32. Because this disclosure is based on certain assumptions and does not include all costs (such as maintenance in Section 24 and insurance in Section 28), your actual cost of this Lease may differ.

### LESSEE(S) NOTICES AND SIGNATURES

**BY SIGNING THIS LEASE, YOU ACKNOWLEDGE THAT THIS LEASE CONTAINS AN "ARBITRATION PROVISION" ON THE REVERSE SIDE, THAT YOU HAVE READ THE AGREEMENT TO ARBITRATE DISPUTES AND AGREE TO ITS TERMS.**

Total Loss Early Termination Payoff Balance Notice: If there is a total loss, destruction or theft of the Vehicle, the early termination payoff balance (Adjusted Lease Balance) of the Vehicle as determined under Section 30 of this Lease may be different than the actual cash value of the Vehicle as determined by your insurer of the Vehicle. Section 31 provides that you will not be obligated to pay us this amount, unless, as of the date of such total loss, you do not have a physical damage insurance policy as required by Section 28. By signing this Lease, you acknowledge that you have read this notice and understand its content.

**NOTICE TO LESSEE(S):** BY SIGNING THIS LEASE BELOW YOU ACKNOWLEDGE THAT: (1) EACH LESSEE ACCEPTS AND IS SEPARATELY LIABLE UNDER THE TERMS AND CONDITIONS OF THIS LEASE; AND (2) YOU HAVE READ BOTH SIDES OF THIS LEASE, UNDERSTAND ALL OF ITS TERMS AND CONDITIONS AND RECEIVED A COMPLETELY FILLED IN COPY BEFORE SIGNING BELOW.

Lessee(s) agree to all terms and conditions in this Lease.

**NOTICE: THE LESSEE AND THE LESSOR SHALL BE ENTITLED TO REVIEW THE CONTRACT FOR ONE BUSINESS DAY BEFORE SIGNING THE CONTRACT IMMEDIATELY ADJACENT TO THE SIGNATURE LINE OF THE CONTRACT.**

| X _____ | _____ | 04/08/17 | X ___ N/A ___ | _____ | _____ |
|---|---|---|---|---|---|
| Lessee Signs | Title (if a business) | Date | Lessee Signs | Title (if a business) | Date |

### LESSOR'S SIGNATURE AND ASSIGNMENT

By signing below, Lessor: (1) accepts all terms and conditions of this Lease; and then (2) assigns all of its rights under this Lease, as well as all title and interest in and to the Vehicle, to JPMorgan Chase Bank, N.A. ("Chase"), subject to the applicable dealer agreement between the Lessor and Chase; and (3) warrants to Chase that the insurance set forth in Section 19 is in place and complies with the requirements of this Lease.

| X _____ | Title: _ GM _ | Date: _ 04/08/17 _ |
|---|---|---|
| Lessor-Dealer Signs | | |

\*The tradename "Maserati Capital USA" as well as the Maserati Trident and Maserati Capital USA logos are owned by Maserati S.p.A. or its affiliates and are licensed to JPMorgan Chase Bank, N.A. ("Chase"). Lease accounts are owned by Chase.