# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FRIEDBERG, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MASERATI NORTH AMERICA, INC., | : | No. 18-1369 |
| Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                            **August 1, 2018**

Michael Friedberg sued Maserati North America, Inc. after he leased a Maserati vehicle that had significant defects. Friedberg brought several claims against Maserati, including one under the Magnuson-Moss Warranty Act (MMWA). Maserati moves to dismiss the MMWA claim. For the reasons discussed below, the motion is denied.

## I. BACKGROUND

In April 2017, Michael Friedberg leased a new Maserati vehicle from F.C. Kerbeck & Sons, a New Jersey car dealer. (Compl. ¶ 8.) According to Friedberg, the dealer issued him several warranties outlined in a warranty booklet. (*Id.* ¶ 7.)

Soon after he leased the car, Friedberg noticed significant problems with it, including an oil leak, a defective rear differential, and various other defects. (*Id.* ¶¶ 8–9.) He had the car repaired multiple times, but the issues remained. (*Id.* ¶¶ 11–12.) Naturally, the defects have limited Friedberg's ability to use the car. (*Id.* ¶ 6.)

Because of the defects, Friedberg sued Maserati, alleging, among other things, a violation of the MMWA. Maserati now moves to dismiss Friedberg's MMWA claim.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the federal rules do not impose a probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the court can only infer "the mere possibility of misconduct," the complaint must be dismissed because it has failed to show that the plaintiff is entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## III. DISCUSSION

Maserati argues that Friedberg's MMWA claim should be dismissed because the MMWA only protects consumers who purchased a vehicle, not those who, like Friedberg, leased. The Court disagrees.

At the outset, the Court notes that although the Complaint alleges that Friedberg purchased a car from Maserati, the parties now agree that he leased it. (Def.'s Mot. to Dismiss at

1–2; Pl.'s Resp. at 2.) Thus, the Court decides the motion to dismiss based on the fact that Friedberg is a lessee.

The question, then, is whether Friedberg, as a lessee, has a right to sue Maserati under the MMWA. The statute provides a cause of action to "a consumer who is damaged by the failure of a . . . warrantor" to comply with a written or implied warranty. 15 U.S.C. § 2310(d). The statute defines "consumer" in three ways:

[1] a buyer (other than for purposes of resale) of any consumer product,

[2] any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and

[3] any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).

15 U.S.C. § 2301(3). "A plaintiff who meets any of [these] three alternative tests is thus a 'consumer' entitled to sue under the Act." *Dicintio v. DaimlerChrysler Corp.*, 768 N.E.2d 1121, 1124 (N.Y. 2002).

Friedberg clearly is not a category one consumer because he did not buy the car. Maserati argues that Friedberg also cannot qualify as a consumer under either category two or three because these, it says, also require a sale. Maserati notes that both categories of consumers presuppose a warranty. The statute defines "written warranty," in part, as follows:

(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer . . ., or

(B) any undertaking in writing in connection with the sale by a supplier of a consumer product . . .,

which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

15 U.S.C. § 2301(6). As Maserati suggests, both of these definitions require that there be a sale for a written warranty to qualify under the statute. Some courts have taken this to mean that only an individual who actually bought a good with a warranty can qualify as a consumer. *See, e.g.*, *Dicintio*, 768 N.E.2d at 1124 ("[T]he case hinges on whether [plaintiff's] lease qualifies as a 'sale.'"). Maserati urges the Court to adopt this interpretation, under which Friedberg, as a lessee, would not qualify as a consumer under any of the statute's definitions of the term.

However, the Court does not agree with this interpretation. The plain text of the statute directs courts to "simply look for a warranty exchange in connection with a sale." *Cohen v. AM Gen. Corp.*, 264 F. Supp. 2d 616, 620 (N.D. Ill. 2003). Thus, the statute does not require the plaintiff to show that he purchased the product at issue; it only requires that a sale "occur sometime within the sequence of events that ultimately places the consumer product with the consumer." *Mago v. Mercedez-Benz, U.S.A., Inc.*, 142 P.3d 712, 716 (Ariz. Ct. App. 2006); *see also Cohen*, 264 F. Supp. 2d at 620.

The Complaint, liberally construed, alleges that Maserati sold the vehicle to the dealer with a warranty, and that the dealer then leased the car to Friedberg with the warranty. Thus, Friedberg has alleged that there was a warranty made in connection with a sale. Therefore, Friedberg's allegations, taken as true, qualify him as a person to whom a product was "transferred during the duration of . . . [a] written warranty . . . applicable to the product." § 2301(3). This means that Friedberg may sue under the MMWA.

## IV.     CONCLUSION

Because Friedberg is not precluded from suing under the statute simply because he is a lessee, Maserati's motion to dismiss is denied. An Order consistent with this Memorandum will be docketed separately.